**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHERRYL WORLEY, AKA Cherryl
Ferguson,

Defendant - Appellant.

No. 14-16716

D.C. Nos.    4:13-cv-03951-DLJ
             4:10-cr-00524-DLJ-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Submitted April 13, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Cherryl Worley appeals the district court's denial of her 28 U.S.C. § 2255

habeas petition. Worley alleges she received ineffective assistance of counsel when

her attorney failed to challenge a 4-level enhancement for fifty or more victims

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under U.S.S.G. § 2B1.1(b)(2)(B). We have jurisdiction under 28 U.S.C. § 2253. We affirm.

We determine whether Worley received ineffective assistance of counsel using a two-step analysis. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Worley must show that her attorney's performance was deficient, falling below an objective standard of reasonableness. *Id*. at 687-88. Second, if her counsel's performance were deficient, Worley must show that she was prejudiced as a result of that performance. *Id*. at 687. The Supreme Court has held that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). When determining whether counsel's performance was deficient, we apply a "highly deferential" approach, "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Applying that presumption, we must make an effort "to eliminate the distorting effects of hindsight" and to "evaluate the conduct from counsel's perspective at the time." *Id*. "[T]he relevant inquiry . . . [is] whether the choices made by defense counsel were reasonable." *Murray v. Schriro*, 745 F.3d 984, 1011 (9th Cir. 2014) (quoting *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir 1998)).

1. Worley's counsel's performance was not deficient during plea negotiations, because it was not objectively unreasonable for her counsel to assume (when negotiating the agreement) that a complete loss calculation would be included in the Presentence Investigation Report and considered at sentencing. Worley concedes that the fraudulent scheme from which the charges arose involved fifty-seven individuals and four corporations. Even though the individual victims were made whole by the victim corporations, it was probable that the individual victims could nonetheless be included in the final loss calculation: the individual victims had likely spent time and money procuring new identifications, and thus had likely suffered pecuniary harm. *See United States v. Armstead*, 552 F.3d 769, 782 (9th Cir. 2009) ("time and money spent procuring new identification and credit cards, opening new bank accounts, and mending . . . credit" may constitute pecuniary harm).

Worley's counsel's performance also was not deficient at sentencing. Because the parties had stipulated that the victim enhancement would apply, it was not necessary for the district court to include a complete loss calculation in its decision. *See United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) ("Plea agreements are contractual by nature and are measured by contract law standards."). As the district court noted, "[Worley] specifically agreed in

paragraph 9 of the plea agreement that [the victim enhancement] was appropriate and that 'all of the losses . . . and the amount of the loss (and the number of victims associated with that loss)' were attributable to her and that the loss calculation could include losses from more than just the counts to which she was pleading guilty." If Worley's counsel had objected to the victim enhancement, Worley would have breached the plea agreement and the previously dropped charges would have been reinstated.

2. Even if Worley's counsel's performance were deficient either during plea negotiations or at sentencing, Worley was not prejudiced as a result. At the time the plea agreement was being negotiated, Worley was facing 114 separate fraud and identity theft charges. The government offered to drop all but six of these charges and agreed to recommend a low-end sentence, even though Worley had a criminal history category of VI. When considering her habeas petition, the district court noted that, "given the gravity of [Worley's] conduct combined with [her] long history of flouting the authority of the courts as demonstrated by her criminal history, [Worley] should be fully cognizant of the positive effect her counsel had on the analysis by the Court of its sentencing options and its ultimate sentencing determination." Thus, Worley has failed to establish that "there is a reasonable

probability that . . . the result of the proceeding would have been different" but for her counsel's performance. *See Strickland*, 466 U.S. at 694.

**AFFIRMED.**